1

2

3

4

5

6

7

8                         **UNITED STATES DISTRICT COURT**

9                        **CENTRAL DISTRICT OF CALIFORNIA**

10

11   RAYFORD TYLER, JR.,            ) Case No. CV 20-0679-JPR
                                    )
12                   Petitioner,    ) MEMORANDUM DECISION AND ORDER
                                    ) DENYING PETITION AND DISMISSING
13          v.                      ) ACTION WITH PREJUDICE
                                    )
14   JOSIE GASTELO, Warden,         )
                                    )
15                   Respondent.    )
                                    )
16   _____)

17                              **PROCEEDINGS**

18       On January 16, 2020, Petitioner, proceeding pro se,

19   constructively filed a Petition for Writ of Habeas Corpus by a

20   Person in State Custody, raising two claims: he is entitled to

21   resentencing under a change in state law, and California's

22   robbery statutes under which he was convicted are void for

23   vagueness.[1]  (Pet. at 5, 25-35.)  Respondent moved to dismiss the

24

25       [1] Under the mailbox rule of <u>Houston v. Lack</u>, 487 U.S. 266,
     275-76 (1988), a prisoner constructively files something on the
26   day he gives it to prison authorities for forwarding to the
     relevant court.  <u>See</u> <u>Roberts v. Marshall</u>, 627 F.3d 768, 770 n.1
27   (9th Cir. 2010).  The Court presumes that is the day he signed
     the document unless there is evidence to the contrary.  <u>See</u>
28   <u>Butler v. Long</u>, 752 F.3d 1177, 1178 n.1 (9th Cir. 2014) (per

                                    1

1  Petition on April 14, 2020, arguing in part that Petitioner's

2  void-for-vagueness claim was untimely, and Petitioner opposed on

3  June 15.  Respondent replied on June 23, 2020, asserting for the

4  first time that the resentencing claim was untimely as well.  The

5  Court allowed supplemental briefing, and Petitioner filed

6  supplemental opposition on July 13, 2020.  Respondent did not

7  file a supplemental reply.  The parties consented to the

8  jurisdiction of the undersigned under 28 U.S.C. § 636(c)(1).  For

9  the reasons discussed below, the Petition is untimely and this

10 action is dismissed with prejudice.

**BACKGROUND**

12     On May 10, 2017, Petitioner pleaded no contest in Los

13 Angeles County Superior Court to three counts of second-degree

14 robbery, admitted a prior serious-felony conviction under

15 California's Three Strikes Law, and received a negotiated

16 sentence of 13 years in state prison.  (Lodged Doc. 1 at 11-14.)

17 He did not appeal.  <u>See</u> Cal. App. Cts. Case Info., http://

18 appellatecases.courtinfo.ca.gov/ (search for "Tyler" with

19 "Rayford" in Second App. Dist. revealing no appeal filed) (last

20

21 curiam) (as amended).  Here, although Petitioner signed his
   Petition on January 14, 2020, it appears he gave it to prison
22 authorities on January 16 because that is when he signed and
   initialed the back of the envelope in which it was mailed.  (<u>See</u>
23 Pet. at 7, 40 (for nonconsecutively paginated documents, the
   Court uses the pagination provided by its Case Management/
24 Electronic Case Filing system).)  The Court therefore deems that
   to be its constructive filing date.  <u>See</u> <u>Kane v. Foulk</u>, No. CV
25 13-3521-JVS (DTB)., 2014 WL 1370368, at *3 (C.D. Cal. Apr. 4,
   2014) (noting that handwritten date next to signature on envelope
26 containing petition was "likely the date that the [p]etition was
   turned over to prison authorities").  The mailbox rule applies to
27 state habeas petitions as well.  <u>Stillman v. LaMarque</u>, 319 F.3d
   1199, 1201 (9th Cir. 2003).
28

visited Oct. 7, 2020).

On May 19, 2019, Petitioner constructively filed a habeas petition in the superior court (Lodged Doc. 2 at 1, 18), which it denied in a reasoned order on July 10 (Lodged Doc. 3). Petitioner filed a signed but undated petition in the court of appeal (Lodged Doc. 4 at 1, 6, 18), which filed it on July 29, 2019, and summarily denied it on August 6 (Lodged Doc. 5). He filed the May 19, 2019 petition a second time in the superior court on August 15 (Lodged Doc. 6 at 6, 18); it denied the petition as successive on August 20 (Lodged Doc. 7). On September 26, 2019, the California Supreme Court filed Petitioner's signed but undated petition (Lodged Doc. 8 at 1, 6, 12, 18), and it summarily denied it on December 11 (Lodged Doc. 9).

### PETITIONER'S CLAIMS

1. He should be resentenced under California Senate Bill 1393, which in 2019 gave judges discretion to strike or dismiss prior-serious-felony enhancements. (Pet. at 5, 25-30.)

2. California's robbery statutes are void for vagueness. (Id. at 5, 31-40.)

### DISCUSSION

**I.   The Statute-of-Limitation Defense Was Not Forfeited**

Despite asserting in her motion to dismiss that Petitioner's second claim was untimely, Respondent argued for the first time in her reply that his first claim was also time barred. (See Mot. to Dismiss at 2-3; Reply at 3-4.) Petitioner contends that by not contesting the first claim's timeliness until her

3

1  reply, she "waived" the defense.[2]  (Suppl. Opp'n at 2.)

2      "Ordinarily in civil litigation, a statutory time limitation

3  is forfeited if not raised in a defendant's answer or in an

4  amendment thereto."  Day v. McDonough, 547 U.S. 198, 202 (2006)

5  (citing Fed. Rs. Civ. P. 8(c), 12(b), & 15(a)); see also R. 5(b),

6  Rules Governing § 2254 Cases in U.S. Dist. Cts. (requiring

7  respondent to plead statute-of-limitation defense in answer).

8  But bars to considering habeas corpus defenses aren't absolute,

9  and exceptions based on important interests such as exhaustion

10 and timeliness have been recognized.  Cf. Wood v. Milyard, 566

11 U.S. 463, 470-73 (2012) (acknowledging exceptions to general rule

12 on forfeiture of affirmative defenses and declining to adopt

13 absolute rule barring court of appeal from sua sponte raising

14 forfeited timeliness defense).  Accordingly, a party is

15 prohibited from relying on a statute-of-limitation defense only

16 if it intentionally waives it.  Day, 547 U.S. at 202 (holding

17 that when respondent made "no intelligent waiver" of limitation

18 defense, federal court had discretion to "dismiss the petition as

19 untimely under AEDPA's one-year limitation").

20     When, as here, a respondent's failure to raise timeliness in

21 a motion to dismiss was apparently inadvertent, she is not barred

22 from asserting it in her reply.  Id.; see also Harmon v. Adams,

23 No. 2:08-1218-GEB-KJN-P., 2013 WL 5954896, at *11 (E.D. Cal. Nov.

24 7, 2013) (holding that respondent didn't forfeit statute-of-

25

26     [2] "A waived claim or defense is one that a party has
   knowingly and intelligently relinquished; a forfeited plea is one
27 that a party has merely failed to preserve."  Wood v. Milyard,
   566 U.S. 463, 470 n.4 (2012).  Thus, the issue here is whether
28 Respondent has forfeited her timeliness argument.

4

1  limitation defense by omitting it from answer because it didn't
2  expressly waive it and asserted it in response to further-
3  briefing order), accepted by 2014 WL 127962 (E.D. Cal. Jan. 14,
4  2014); Whitehead v. Hedgpeth, No. C-12-3487 EMC, 2013 WL 3967341,
5  at *7 (N.D. Cal. July 31, 2013) (holding that respondent wasn't
6  barred from asserting timeliness defense by not moving to dismiss
7  on that ground and instead raising it in opposition to motion for
8  stay and abeyance).  And Petitioner was not deprived of an
9  opportunity to challenge the newly raised argument, as the Court
10  allowed supplemental briefing.  See Day, 547 U.S. at 210.
11  Moreover, strong interests are served by applying AEDPA's one-
12  year limitation period.  See id. at 205-06 (citing with approval
13  Acosta v. Artuz, 221 F.3d 117, 123 (2d Cir. 2000) ("The AEDPA
14  statute of limitation promotes judicial efficiency and
15  conservation of judicial resources, safeguards the accuracy of
16  state court judgments by requiring resolution of constitutional
17  questions while the record is fresh, and lends finality to state
18  court judgments within a reasonable time.")).  Thus, the statute-
19  of-limitation defense was not forfeited.

20  **II.  The Petition Is Untimely**

21      Petitioner filed the Petition a year and a half after the
22  limitation period had expired, and he is not entitled to a later
23  trigger date or tolling of any kind.  Thus, he is too late.

24      A.  Applicable Law

25      The Antiterrorism and Effective Death Penalty Act sets forth
26  a one-year limitation period for filing a federal habeas petition
27  and specifies that the period runs from the latest of the
28  following dates:

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

§ 2244(d)(1). The timeliness of each claim in a habeas petition must be assessed "on an individual basis." Mardesich v. Cate, 668 F.3d 1164, 1171 (9th Cir. 2012).

AEDPA includes a statutory tolling provision that suspends the limitation period for the time during which a properly filed application for postconviction or other collateral review is pending in state court. See § 2244(d)(2); Waldrip v. Hall, 548 F.3d 729, 734 (9th Cir. 2008). In addition to statutory tolling, federal habeas petitions are subject to equitable tolling of the one-year limitation period in appropriate cases. Holland v. Florida, 560 U.S. 631, 645 (2010). Determining whether equitable tolling is warranted is a fact-specific inquiry. Frye v.

6

1  <u>Hickman</u>, 273 F.3d 1144, 1146 (9th Cir. 2001) (as amended).  The
2  petitioner must show that he has been pursuing his rights
3  diligently and that some extraordinary circumstance stood in his
4  way and prevented timely filing.  <u>Holland</u>, 560 U.S. at 649.

5       As to both statutory and equitable tolling, a petitioner
6  bears the burden of demonstrating that AEDPA's limitation period
7  was sufficiently tolled.  <u>Pace v. DiGuglielmo</u>, 544 U.S. 408, 418
8  (2005) (equitable tolling); <u>Smith v. Duncan</u>, 297 F.3d 809, 814
9  (9th Cir. 2002) (as amended) (statutory tolling), <u>abrogation on</u>
10 <u>other grounds recognized by</u> <u>United States v. Davis</u>, 508 F. App'x
11 606, 609 (9th Cir. 2013).

12      B.  <u>Analysis</u>

13      Petitioner pleaded no contest and was convicted on May 10,
14 2017.  (Lodged Doc. 1 at 11-14.)  He did not appeal.  <u>See</u> Cal.
15 App. Cts. Case Info., http://appellatecases.courtinfo.ca.gov/
16 (search for "Tyler" with "Rayford" in Second App. Dist. revealing
17 no appeal filed) (last visited Oct. 7, 2020).  Thus, his
18 convictions became final on July 9, 2017, 60 days later.  <u>See</u>
19 Cal. R. Ct. 8.308(a); <u>cf.</u> <u>Caspari v. Bohlen</u>, 510 U.S. 383, 390
20 (1994) (state conviction and sentence become final when
21 availability of direct appeal has been exhausted and time for
22 filing petition for writ of certiorari has elapsed or timely
23 filed petition has been denied).[3]  Ostensibly, then, AEDPA's one-
24 year statute of limitation began to run on July 10, 2017, and

25

26      _____
27      [3] Petitioner could not have filed a petition for writ of
   certiorari in the U.S. Supreme Court because he did not appeal to
   the highest state court.  <u>See</u> 28 U.S.C. § 1257(a); Sup. Ct. R.
28 13(1).

expired on July 9, 2018.  See Patterson v. Stewart, 251 F.3d
1243, 1246 (9th Cir. 2001) (holding that AEDPA limitation period
begins running day after triggering event).  Petitioner did not
constructively file his Petition until January 16, 2020, more
than a year and a half late.

To the extent Petitioner contends he is entitled to a later
trigger date under § 2244(d)(1)(C) (see Pet. at 25-35; Opp'n at
2), his contention is unfounded.[4]  As to his second claim, he
argues that the Supreme Court's ruling in Sessions v. Dimaya, 138
S. Ct. 1204 (2018), created "an issue surrounding the 'nature' of
the California robbery being '[s]erious' as opposed to
'[v]iolent.'"  (Pet. at 31-32); see Dimaya, 138 S. Ct. at 1216
(holding that 18 U.S.C. § 16(b) was vague in violation of due
process).  In United States v. Dixon, 805 F.3d 1193 (9th Cir.
2015), and United States v. Garcia-Lopez, 903 F.3d 887 (9th Cir.
2018), also cited by Petitioner (see Pet. at 32), the Ninth
Circuit held that the defendants' California robbery convictions
did not qualify as violent felonies under the Armed Career
Criminal Act, Dixon, 805 F.3d at 1198-99, or crimes of violence
under § 16(a), Garcia-Lopez, 903 F.3d at 893.  Dixon and Garcia-
Lopez are not U.S. Supreme Court cases and are in any event, like
Dimaya, not relevant clearly established federal law here because
Petitioner's sentence was enhanced under state statutes.

[4] Petitioner does not argue that he's entitled to a later
trigger date under § 2244(d)(1)(B) or (D).  Any such claim would
fail.  See Shannon v. Newland, 410 F.3d 1083, 1087-89 (9th Cir.
2005) (holding that change in state law does not qualify as
removal of "impediment" under subsection (B) or "factual
predicate" under subsection (D)).

8

Therefore, he is not entitled to a later start of the statute of limitation under § 2244(d)(1)(C).  See Gray v. Sherman, No. CV 18-07721-JVS (AS), 2019 WL 469137, at *4 (C.D. Cal. Jan. 9, 2019) (rejecting claim identical to that raised here), accepted by 2019 WL 468802 (C.D. Cal. Feb. 5, 2019), certificate of appealability denied, No. 19-55214, 2019 WL 8059542 (9th Cir. Nov. 8, 2019). And Petitioner does not identify any new U.S. Supreme Court authority giving rise to his first claim.  It rests entirely on new state law.  Thus, no later trigger date applies for it either.

Petitioner is not entitled to statutory tolling because he constructively filed his first state habeas petition on May 19, 2019, well after the AEDPA limitation period ended, on July 9, 2018.  (See Lodged Doc. 1 at 16-18); Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003) ("[S]ection 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed."); Green v. White, 223 F.3d 1001, 1003 (9th Cir. 2000) (holding that habeas petition filed after limitation period had already run resulted in no tolling). Because he is not entitled to any statutory tolling, he must show equitable tolling sufficient to account for the delay in filing the Petition.  In neither his opposition nor his supplemental opposition does he argue for equitable tolling, and no basis for it is apparent to the Court.  See Gaston v. Palmer, 417 F.3d 1030, 1034 (9th Cir. 2005) (noting that "equitable tolling will not be available in most cases," and petitioner has burden of showing that extraordinary circumstances justify tolling).

Accordingly, Petitioner is not entitled to a later trigger

1  date or tolling of any kind for either of his claims, and the

2  Petition is untimely by more than a year and a half.[5]

3  **ORDER**

4      IT THEREFORE IS ORDERED that judgment be entered denying the

5  Petition and dismissing this action with prejudice.

6

7  DATED: _____10/8/2020_____          _____

8                                            JEAN ROSENBLUTH
                                          U.S. MAGISTRATE JUDGE

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27       [5] Because the Petition is clearly untimely, the Court does
not reach the issue of the cognizability of Petitioner's first

28  claim.  (<u>See</u> Mot. to Dismiss at 2-3.)

10